# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1776
_____

United States of America,

*Plaintiff - Appellee,*

v.

Andrew T. Shaw,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 15, 2021
Filed: July 6, 2021
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Andrew Shaw pleaded guilty to possession of a firearm as an unlawful user of
a controlled substance, *see* 18 U.S.C. § 922(g)(3), and conspiring to distribute

marijuana.  *See* 21 U.S.C. § 846.  The district court[1] sentenced Shaw to 94 months' imprisonment.  Shaw appeals his sentence, and we affirm.

Shaw began distributing marijuana in 2010.  Law enforcement officers discovered Shaw's drug trafficking and searched several of his properties in March 2019.  Police found firearms, marijuana, edible marijuana products, and tools and ingredients used in the process of converting marijuana into edible products.  Police arrested Shaw after finding him near his property located at 1190-A Capital Drive SW in Cedar Rapids.

Shaw pleaded guilty, and the case proceeded to sentencing.  In calculating Shaw's advisory range under the sentencing guidelines, the court applied a two-level increase based on its findings that Shaw maintained two premises—1186 and 1190-A Capital Drive SW—"for the purpose of manufacturing or distributing a controlled substance."  *See* USSG § 2D1.1(b)(12).  On appeal, Shaw argues that the district court erred in applying the two-level increase.  We review the district court's findings for clear error, and we will affirm if its finding as to one of the premises was proper.  *See United States v. Miller*, 698 F.3d 699, 705 (8th Cir. 2012).

The commentary to the applicable guideline explains that for the increase to apply, "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises."  USSG § 2D1.1, comment. (n.17).  Courts should consider "how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes."  *Id.*  Shaw argues that his primary

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

purpose for 1190-A Capital Drive was to store personal vehicles and tools used in his real estate business, and that distribution and manufacturing of drugs were merely incidental. The record, however, supports the district court's finding to the contrary.

In October 2017, a confidential informant purchased three pounds of marijuana from Shaw at 1190-A Capital Drive. The informant reported seeing "several packages of marijuana sitting on a counter, a money counting machine, approximately $10,000 in cash, and a large box of THC cartridges." Another informant disclosed that in October 2018, he stole "200 THC cartridges, $15,000 in cash, and an AR-15 rifle" from Shaw at 1190-A Capital Drive. Police conducted surveillance of the building over a two-month period before the March 2019 search, and saw "frequent short-term traffic" consistent with "somebody dealing narcotics." During the search, police found marijuana products along with ingredients and tools used to create such products. They also seized Shaw at an adjacent unit near a backpack containing a significant amount of cash.

An officer testified that he saw vehicles and small hand tools in unit 1190-A, but said that he found nothing that would be used in the real estate business, and explained that the tools were "nothing of significance . . . as far as construction goes." The officer further testified that he did not recall seeing in the office area of the unit any business records that would be associated with the running of a real estate business.

Based on this evidence, the district court found that "one of the primary purposes of the 1190 address was to distribute marijuana." Shaw points out that he came into possession of 1190-A Capital Drive in 2016, which "predat[ed] the controlled buy" in 2017, but the guideline does not require that drug distribution predate any legitimate use of the premises. The record shows that Shaw distributed marijuana out of 1190-A Capital Drive over an extended period of time. There was no clear error in finding that a primary purpose for the premises was drug distribution,

-3-

even if the building "also served other, legitimate, functions," such as the storage of vehicles and tools. *United States v. Anwar*, 880 F.3d 958, 971 (8th Cir. 2018). Because the court did not clearly err in its finding as to 1190-A Capital Drive, we need not address its finding as to 1186 Capital Drive.

The judgment of the district court is affirmed.

_____